UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **BRIAN HANLEY**<br>1959 Harris Rd.<br>Hamilton, OH 45013 | : <br> : <br> : <br> : | Case No. 1:23-cv-342 |
| Plaintiff, | : <br> : <br> : | Judge |
| v. | : <br> : | |
| **THE CITY OF HAMILTON, OHIO**<br>345 High St.<br>Hamilton, OH 45011 | : <br> : <br> : <br> : | |
| Defendant. | : | |

**COMPLAINT AND JURY DEMAND**
_____

Plaintiff Brian Hanley, for his Complaint against The City of Hamilton, Ohio, states as follows:

## I.   PRELIMINARY STATEMENT

1. This is a civil rights action arising out of Mr. Hanley's employment as a fulltime firefighter with the Fire Department of the City of Hamilton, Ohio ("the City").

2. Mr. Hanley was involuntarily separated from his employment with the City allegedly on the grounds that he was unfit for duty as a firefighter due to a mental and/or physical condition that constitutes a disability within the purview of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, and the Ohio Civil Rights Act, O.R.C. § 4112.02.

3. Mr. Hanley is an individual who suffers from disabilities. Specifically, he has been diagnosed with depression, anxiety, and post traumatic stress disorder ("PTSD"). Each of these conditions substantially limits Mr. Hanley's neurological system and major life

activities including emotional self-regulation, social interaction, and managing day to day stress and fatigue levels.

4. Mr. Hanley has filed this claim because the City's actions in separating him from his position violated both state and federal law prohibiting employers from discriminating against employees by failing to provide reasonable accommodations for their disability, by failing to engage in an interactive process with employees for the purpose of determining a reasonable accommodation, by regarding employees as disabled individuals, and by retaliating against employees for protesting and opposing conduct that they reasonably and in good faith believe was discrimination by an employer on account of their disability.

5. By means of this action, Mr. Hanley seeks relief for the aforementioned acts of the City in the form of compensatory damages for his economic and noneconomic injuries, equitable and injunctive relief reinstating him to his position or awarding him front pay, and awarding him his reasonable attorney fees and costs in prosecuting this matter.

## II. JURISDICTION AND VENUE

6. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 because one or more of Mr. Hanley's claims arise under federal law. Supplemental jurisdiction over Mr. Hanley's state law claim can be assumed pursuant to 28 U.S.C. § 1367 on the grounds that said claim arises from the same nucleus of operative facts as the federal claims.

7. Venue with this Court is appropriate because the acts complained of herein occurred within the judicial district of the Southern District of Ohio.

## III. PARTIES

8. Plaintiff, Brian Hanley, is a United States citizen and a resident of Butler County, Ohio.

9. Defendant, The City of Hamilton, Ohio, is a political subdivision of the state of Ohio. Among the public services it provides, the City operates and maintains a full-time fire department. From July 29, 2022, through August 26, 2022, Mr. Hanley served as a full-time firefighter in that department. At all relevant times hereto the duly appointed and acting Chief of the Fire Department was Mark Mercer ("Chief Mercer").

## IV.    ADMINISTRATIVE HISTORY

10. On or about October 28, 2022, Mr. Hanley filed a charge of discrimination (#473-2023-00254) with the Equal Employment Opportunity Commission ("EEOC") alleging that the City committed acts of discrimination against him on account of his disability as well as retaliated against him for protesting said discrimination.

11. On or about March 6, 2023, the EEOC issued a Notice of Right to Sue ("NORTS") to Mr. Hanley.

12. This complaint is timely filed within ninety (90) days of Mr. Hanley's receipt of the NORTS thereby perfecting his claims under Title VII and the ADA.

## V. STATEMENT OF THE CASE

12. Mr. Hanley began his career as a full-time firefighter with the City on or about July 29, 2002.

13. As a firefighter for the City, Mr. Hanley's duties entailed a wide spectrum of responsibilities ranging from responding to alarms, assisting in the response to fires, driving fire vehicles, operating and/or assisting in the operation of fire equipment, maintaining and cleaning the fire station, cleaning and repairing equipment, testing and inspecting fire equipment, educating the public in fire prevention methods, and other work as required by the Department.

14. In or about September 2018, Mr. Hanley began to experience symptoms of chronic fatigue and physical exhaustion. As a consequence, he requested and received approval for an intermittent leave to treat his conditions under the provisions of the Family Medical Leave Act. Mr. Hanley's FMLA leave was recertified in the fall of 2021 for the same medical condition. At that time Mr. Hanley's physician, Dr. Jason Hoke, M.D., indicated that he would continue to need intermittent leave for occasional treatment and checkups.

15. Following approval for this intermittent leave, Mr. Hanley continued to perform his routine duties in accordance with the terms and conditions of his job. However, in or about the fall of 2021, Mr. Hanley's routine attendance was becoming increasingly affected by episodes of fatigue and depression.

16. In or about November 21, 2021, Chief Mercer advised Mr. Hanley that he would be subject to a station reassignment. The reassignment would result in Mr. Hanley's transfer from Station 24 to Station 25. This reassignment was problematic for Mr. Hanley whose health symptoms were affected by environmental considerations and personal experiences. Mr. Hanley become anxious and worried that, were he to work out of and live in Station 25, the reassignment would have a deleterious effect on his mental and physical health and exacerbate the symptoms of his disability. Therefore, on December 12, 2021, Mr. Hanley specifically requested Chief Mercer to grant the reasonable accommodation to work and live exclusively out of Station 24. That request was denied without explanation.

17. On the heels of Mr. Hanley's reassignment and request for reasonable accommodations, Chief Mercer placed Mr. Hanley on an administrative leave of absence ("ALOA") pending an examination of whether he was fit for duty. To that date, there had never been any incident or event at or during which Mr. Hanley demonstrated or

indicated that he was either incapable of performing his essential job duties or that he posed a threat of harm to himself or others such that he was unfit for duty.

18. While on ALOA, the City made an arrangement for Mr. Hanley to be examined by two medical providers of the City's choosing. The first, Dr. Mark Querry, a clinical psychologist, conducted an evaluation of Mr. Hanley on January 28, 0222; the second, Dr. Robert Wanat, a physician specializing in occupational medicine, examined Mr. Hanley on January 18, 2022. Despite the lack of any reported incidents or events or any objective evidence that Mr. Hanley engaged in any dangerous conduct or in any other way posed an unreasonable risk of arm to himself or others, Dr. Querry recommended that Mr. Hanley not be returned to his full-time duties as a firefighter. He also expressly discounted even the possibility that a reasonable accommodation could be implemented to salvage Mr. Hanley's employment.

19. In contrast, Dr. Wanat opined that, in his view, Mr. Hanley is "in apparent good health and medically acceptable", to resume his position as a firefighter/paramedic. However, the results and written report of Dr. Wanat's examination of Mr. Hanley were withheld from Mr. Hanley and not provided to him by the City, nor mentioned in Chief Mercer's notice of separation. In fact, Mr. Hanley was not provided a copy of Dr. Wanat's report until months later despite Mr. Hanley's repeated requests that he be provided same.

20. Because the issue of Mr. Hanley's fitness for duty had been disputed by the City, Mr. Hanley obtained an additional, more current report from Dr. Hoke dated February 7, 2022. Dr. Hoke informed the City that, in his opinion, Mr. Hanley was able to return to work and noted that he was involved in counseling at the Lindner Center to address his psychological needs.

21. Nevertheless, on or about March 11, 2022, Chief Mercer advised Mr. Hanley that at the end of his ALOA, or by April 2, 2022, he would be given a medical separation based upon Dr. Querry's opinions and the purported concurring opinions of the physicians consulted by Mr. Hanley. However, Chief Mercer's stated basis for the separation was based on false representations and mischaracterizations of those physicians' opinions. Each of these physicians believed that Mr. Hanley could return to his duties as a firefighter if he were reasonably accommodated.

22. Following notice of his impending separation, Mr. Hanley requested that the City permit a third-party physician evaluate his ability to return to work. On March 16, 2023, Chief Mercer denied that request on the ostensible grounds that the diagnosis of PTSD made by Dr. Querry was not a condition resulting from a line of duty injury and for that reason would not be covered for treatment or evaluation under the collective bargaining agreement between the City and the firefighter union. Accordingly, Mr. Hanley's request was denied. In his rejection letter, Chief Mercer again mischaracterized the medical opinions of the other practitioners who had evaluated Mr. Hanley. However, Chief Mercer did offer to allow a third physician evaluation subject to the condition that the evaluator be selected and paid for exclusively by the City and that his or her opinion be the final decision with respect to Mr. Hanley's return to work.

23. In the wake of his notice of separation and the City's offer to determine the matter of his ability to return to work on the sole basis of the word of an evaluator of the City's own choosing, Mr. Hanley engaged legal counsel. On April 15, 2022, counsel communicated with Chief Mercer and referenced federal administrative regulations and guidelines governing enforcement of the ADA. Specifically, Mr. Hanley asked the City to engage in the interactive process that would facilitate a consideration by both parties as

to how Mr. Hanley could be accommodated to perform his essential duties. He further suggested through counsel that the parties collaborate jointly in selecting a medical examiner with the best qualifications to assess Mr. Hanley's capacity to perform his duties to further inform any decision regarding accommodations.

24. Pursuant to his efforts to engage in the interactive process, Mr. Hanley consulted with another occupational psychologist, Dr. Allen McConnell. Mr. McConnell conducted a full examination of Mr. Hanley and determined that he was fit for duty with the benefit of reasonable accommodations. In his opinion, Mr. Hanley's depression and PTSD symptoms were remediable within a reasonable timeframe and with appropriate treatment. Given that this was the fourth medical practitioner to opine that he was fit for duty with accommodations, Mr. Hanley again requested that he be restored to duty subject to accommodations and agreed upon through the interactive process. Mr. Hanley also supplied the City with a copy of Dr. McConnell's report and recommendation.

25. The City refused to unconditionally accept Dr. McConnell's opinion and on or about July 30, 2022, it submitted to Dr. McConnell a number of questions it wanted answered, purportedly so the City would be better prepared to act on Mr. Hanley's request for accommodations.

26. However, on August 19, 2022, the City informed Mr. Hanley through counsel that, in its view, Dr. McConnell's opinion was not informative or acceptable because, according to the City, he was not Mr. Hanley's personal treating physician when he evaluated Mr. Hanley and his opinion did not address Mr. Hanley's present ability to perform his essential job duties as a "Firefighter/Apparatus Driver" position without posing a direct threat to others with or without accommodation. Further, according to the City, Dr. McConnell's recommendation that Mr. Hanley be placed on light duty as an interim

7

measure was defective and unavailing because it did not provide a specific date by which Mr. Hanley could return to full duty. Therefore, it claimed Dr. McConnell's recommendation did not constitute a reasonable accommodation under the ADA.

27. On August 23, 2022, without any further effort to engage in the interactive process, the City informed Mr. Hanley that it had determined that he was unable to perform his essential job duties due to a disabling illness or condition and for that reason he was being involuntarily separated from his job effective August 2022. This separation notice allowed for Mr. Hanley to remain eligible for reinstatement for a period of two years or until January 29, 2024, if he possessed within that timeframe all required certifications and was found capable of performing all his essential duties.

28. Because he remained eligible for reinstatement under these conditions, Mr. Hanley provided Chief Mercer with Dr. McConnell's answers to the questions posed to him by the City. In his answers, Dr. McConnell opined that Mr. Hanley is not an imminent risk to himself or others, and with continued treatment his disability would not interfere with his ability to perform his essential duties as a firefighter. Mr. Hanley also clarified to Chief Mercer that he had never requested an indefinite leave of absence as an accommodation. Mr. Hanley further advised the City that, by failing to follow the recommendations of Dr. McConnell and by discounting the report without further comment or consideration, it had effectively and without cause abandoned the interactive process in violation of the letter and spirit of the ADA.

29. On October 25, 2022, the City informed Mr. Hanley that it had no further legal obligations to him, and that Mr. Hanley's only options with respect with his employment with the City were limited to those detailed in his notice of separation.

30. The actions of denying Mr. Hanley's request to engage in the interactive process and to provide him with a reasonable accommodation, or to reinstate him and continue his employment were conducted, or committed as the case may be, maliciously, in bad faith, and with a reckless and deliberate disregard of Mr. Hanley's' rights to be free from discrimination on account of his disability.

31. As a direct and proximate result of the City's deliberate and unlawful actions, Mr. Hanley has suffered and will continue to suffer economic and non-economic injuries in violation of his rights under federal and state law not to be subject to discrimination on account of his disability.

## VI. STATEMENT OF THE CLAIMS

### Count 1: Failure to Accommodate
### (ADA and O.R.C. 4112.02)

32. Plaintiff incorporates paragraphs 1 through 31 as if fully rewritten herein.

33. The City was aware that Mr. Hanley had been diagnosed with and suffered from various disabilities which affected his ability to perform his duties without a reasonable accommodation.

34. The City failed to provide Mr. Hanley with any reasonable accommodation to perform his duties as a full-time firefighter.

35. Granting Mr. Hanley's request for reasonable accommodations would not have imposed any undue burden on the City to justify its refusal to grant his request.

36. In these circumstances, the City has violated the terms of the ADA and the Ohio Civil Rights Act which prohibit discrimination against employees due to a disability.

### Count 2: Disability Discrimination
### (ADA and O.R.C. 4112.02)

37. Plaintiff incorporates paragraphs 1 through 36 as if fully rewritten herein.

38. Mr. Hanley was at all times capable and qualified to perform the essential duties of his position as a full-time firefighter with or without a reasonable accommodation to mitigate the effects of his disability.

39. The City's decision to terminate Mr. Hanley was motivated in whole or in part in consideration of his disability in violation of the ADA and the Ohio Civil Rights Act.

## Count 3: Retaliation
## (ADA and O.R.C. 4112.02)

40. Plaintiff incorporates paragraphs 1 through 39 as if fully rewritten herein.

41. Mr. Hanley complained to the City that he was being subjected to discrimination on account of his disability because it refused his repeated requests for accommodation. Mr. Hanley's actions in this regard constitute protected activity under federal and state law.

42. The City was aware of Mr. Hanley's protests and complaints of discrimination at the time it issued Mr. Hanley notice of his separation.

43. There exists a causal connection between the City's decision to separate Mr. Hanley and his requests for accommodation, and protests in opposition to the City's discriminatory conduct.

44. In these circumstances the City has violated the terms of the ADA and the Ohio Civil Rights Act prohibiting retaliation against an employee for engaging in protected activity.

## PRAYER FOR RELIEF

Wherefore, Mr. Hanley demands judgment against Defendant the City of Hamilton, Ohio as follows:

1.	An award of compensatory damages for all economic and noneconomic injuries suffered by Mr. Hanley in an amount to be determined at trial;

2.	An award of punitive damages in an amount to be determined at trial;

3.	An order reinstating Mr. Hanley to his previous position, inclusive of all pay increases and benefits to which he would have been entitled had he not been terminated, or in the alternative, an award of front pay;

4.	An award of Mr. Hanley's reasonable attorney fees and costs;

Respectfully submitted,

**MEZIBOV BUTLER**

/s/ Marc D. Mezibov
Marc D. Mezibov (OH No. 0019316)
615 Elsinore Place
Cincinnati, OH 45202
Phone: 513.621.8800
Fax: 513.621.8833
mmezibov@mezibov.com

*Attorney for Plaintiff Brian Hanley*

## JURY DEMAND

Plaintiff Brian Hanley demands a jury trial to resolve all issues of fact related to his Complaint.

/s/ Marc D. Mezibov
Marc D. Mezibov (OH No. 0019316)