UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BRIAN HANLEY, <br><br> *Plaintiff*, <br><br> v. <br><br> CITY OF HAMILTON, OHIO, <br><br> *Defendant*. | Case No. 1:23-cv-342 <br> Case No. 1:24-cv-485 <br><br> Judge Jeffery P. Hopkins |

**ORDER**

This matter is before the Court on two motions in Case No. 1:23-cv-342 and one motion in Case No. 1:24-cv-485, which is a related action between the same parties. Those three motions are: Plaintiff Brian Hanley's ("Plaintiff") Motion for Leave to File a Supplemental Complaint (Case No. 1:23-cv-342, Doc. 13); Defendant City of Hamilton's ("Defendant" or "the City") Motion to Stay Dispositive Motion Deadline (Case No. 1:23-cv-342, Doc. 16); and a joint motion to stay Case No. 1:24-cv-485 (Case No. 1:24-cv-485, Doc. 4).

For the reasons explained below, Plaintiff's Motion (Case No. 1:23-cv-342, Doc. 13) is **GRANTED**. Defendant's Motion to Stay the Dispositive Motion Deadline (Case No. 1:23-cv-342, Doc. 16) is also **GRANTED**. The joint motion to stay Case No. 1:24-cv-485 is also **GRANTED**. The Court will set a scheduling conference to fix new deadlines in both cases.

I. **BACKGROUND**

This is a disability discrimination action brought by Plaintiff over his termination from employment with the Fire Department of Hamilton, Ohio. Case No. 1:23-cv-342, Doc. 1,

PageID 1. Plaintiff, a resident of Butler County, Ohio, was employed by the Hamilton Fire Department as a full-time firefighter beginning on July 29, 2002. Defendant's Answer, Doc. 2 at PageID 18. Plaintiff asserts that in September 2018, he began to experience symptoms of chronic fatigue and physical exhaustion. Complaint, Doc. 1, at Page ID 4. That month, Plaintiff requested leave under the Family and Medical Leave Act ("FMLA") and was granted it. *Id.* at PageID 4; Answer, Doc. 2 at Page ID 19. Plaintiff's eligibility for leave under the FMLA was recertified on November 22, 2021. Complaint, Doc. 1 at PageID 4. A day prior, on November 21, 2021, Mark Mercer, Fire Chief of the Hamilton Fire Department ("Chief Mercer"), advised Plaintiff he would be reassigned from Station 24 to Station 25. *Id.* at PageID 4; Answer, Doc. 2, at PageID 19. Plaintiff objected to this change and emailed Chief Mercer requesting that his order be rescinded and that he be allowed to continue his assignment at Station 24. Complaint, Doc. 1 at PageID 4; Answer, Doc. 2 at PageID 20.

Shortly thereafter, Chief Mercer placed Plaintiff on an administrative leave of absence pending an examination of Plaintiff's fitness for duty. Complaint, Doc. 1 at PageID 4. Plaintiff asserts that prior to his being placed on leave there had never been an incident in which Plaintiff demonstrated he was incapable of performing his job duties as a firefighter. *Id.* at PageID 5. After Plaintiff was placed on administrative leave, the City arranged for Plaintiff to undergo two medical examinations, one of which resulted in a recommendation that Plaintiff not be returned to full-time duties as a firefighter. *Id.* at PageID 5. Plaintiff asserts that the other evaluation found him capable of returning to full-time duty as a firefighter, but the results of this evaluation were withheld from him. *Id.* Plaintiff then submitted a letter to the City from Plaintiff's personal physician which stated that Plaintiff was able to return to work. *Id.*

On March 11, 2022, Chief Mercer informed Plaintiff that at the end of his administrative leave of absence, on April 2, 2022, the City would initiate an involuntary disability separation. *Id.* at PageID 6; Answer, Doc. 2 at PageID 21. Plaintiff then requested that he be evaluated by a third-party physician prior to his separation. In response, Chief Mercer offered to have another physician selected by the City examine Plaintiff, but the parties did not reach an agreement for a third-party evaluation. *Id.* at 6.

The parties continued to go back-and-forth in the following months, with Plaintiff consulting another psychologist, Dr. Allen McConnell, who provided the City with an opinion indicating that Plaintiff was fit for duty. *Id.* at 7. The City then submitted a list of questions to Dr. McConnell, seeking additional information on the letter. *Id.*; Answer, Doc. 2, at PageID 22. On August 23, 2022, the City informed Plaintiff that it had determined he was unable to perform his job duties, and that he would be subject to involuntary separation effective on August 26, 2022, with an effective date of disability of January 19, 2022. Complaint, Doc. 1, at PageID 8; Answer, Doc. 2, at PageID 22. The letter also notified Plaintiff that he was eligible for reinstatement for a period of two years following his effective date of disability. Complaint, Doc. 1, at PageID 8. However, on October 25, 2022, the City informed Plaintiff that it had no further obligations to him, and that his options with respect to his employment with the City were detailed in his notice of separation. *Id.* at PageID 8.

Upon learning of the City's decision, Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC"). *Id.* at Ex. 2, PageID 14. And on March 6, 2023, the EEOC issued a notice of Right to Sue to Plaintiff. Then, on June 2, 2023, Plaintiff filed the instant action. Complaint, Doc. 1. This Court's initial scheduling order was issued on September 14, 2023, setting an initial deadline of September 15, 2023, for all motions to

3

amend the pleadings. Scheduling Order, Doc. 4. The deadlines in that initial order were pushed back several times to allow time for settlement discussions to ensue between the parties. Most recently, the Court postponed the close of discovery to September 3, 2024, and the deadline for dispositive motions to October 1, 2024. Doc. 12.

On December 4, 2023, while discovery was ongoing, Plaintiff applied for reinstatement to his former position with the City. Plaintiff's Reply in Support of His Motion for Leave to File Supplemental Complaint, Doc. 15 at 1. The City subsequently informed Plaintiff that his request for reinstatement was denied on May 4, 2024. *Id.* Thereafter, Plaintiff filed a second complaint with the EEOC, this time regarding the City's refusal to restore him to his former post, and the EEOC granted Plaintiff another notice of Right to Sue on June 12, 2024. Plaintiff's Motion for Leave to File Supplemental Complaint, Doc. 13, Ex. 1, PageID 79.

## II. PROCEDURAL POSTURE

There are three motions presently before the Court—all dealing with extensions of time. In the first motion, Plaintiff requests leave to file a supplemental complaint (Doc. 13) that will add claims regarding the City's refusal to reinstate him after he exercised the option expressed in his letter of separation to request restoration to his former position. Plaintiff's Reply, Doc. 15. The City opposes this request. Defendant's Response in Opposition, Doc. 14. In the second motion, Defendants move to stay the dispositive motion deadline (Doc. 16) in light of Plaintiff's motion for leave to file a supplemental complaint.

Finally, after submitting his motion for leave to file a supplemental complaint, Plaintiff filed an altogether separate lawsuit which appears on the Court's docket under Case No. 1:24-cv-485. In the third motion before the court, the parties jointly request that all proceedings in

4

that action (Case No. 1:24-cv-485) be stayed pending this Court's ruling on Plaintiff's motion for leave to file a supplemental complaint. Case No. 1:24-cv-485, Doc. 4. Further, the parties represent that the Complaint filed by Plaintiff in the second case presents claims identical to those stated in the supplemental complaint Plaintiff now seeks to file in Case No. 1:23-cv-342. *Id.* The motion to stay Case No. 1:24-cv-485 has not yet been adjudicated and is addressed in this order.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 15(d) provides, in relevant part: "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Motions to supplement under Rule 15(d), like motions to amend under Rule 15(a), are to be liberally granted. *See Weisbord v. Michigan State University*, 495 F.Supp.1347, 1350–51 ("Liberality prevails in permitting amendments to the pleadings. . . . Liberality is the rule with regard to supplemental pleadings as well."). The court is reminded, however, that motions to supplement serve a somewhat different function than motions to amend. *See id.* ("The purpose of a supplemental pleading is to set forth new facts that have occurred since the filing of the original pleading and that affect the controversy and the relief sought. Its function is to bring the action 'up to date.'"). Nonetheless, a court applies the same considerations when evaluating a Rule 15(d) motion to supplement as when evaluating a Rule 15(a) motion to amend. *Spies v. Voinovich*, 48 F.App'x 520, 527 (6th Cir. 2002) (holding that same standard of review applied to Rule 15(d) motion to supplement as to Rule 15(a) motion to amend). *See also Schwartz v. Hall Insurance Group Inc.*, 2024 WL 4252578 at *2 (S.D. Ohio Sept. 19, 2024). Those considerations include: "undue

5

delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994) (citation omitted).

When a motion to supplement is filed late in proceedings, such that allowing it would require the court to amend a previous scheduling order, Rule 16(b)(4) becomes a relevant consideration. Rule 16(b)(4) provides that a court-ordered schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Thus, "[o]nce the scheduling order's deadline to amend the complaint passes, 'a plaintiff first must show good cause under Rule 16(b) . . . for failure earlier to seek leave to amend' and the district court must evaluate prejudice to the nonmoving party 'before a court will even consider whether amendment is proper under Rule 15(d).'" *Student Resource Center, LLC v. Eastern Gateway Community College*, 2023 WL 6213678 at *6 (S.D. Ohio Sept. 25, 2023) (quoting *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003)) (alteration omitted).

IV. ANALYSIS

A. Plaintiff's request for leave to file a supplemental complaint.

The deadline for motions to amend the pleadings was September 15, 2023, Scheduling Order, Doc. 4. This deadline was not extended. Thus, Plaintiff's Motion for Leave to File Supplemental Complaint was untimely. Determining whether to grant Plaintiff's request for leave to supplement the original Complaint requires the Court to consider three factors: (1) whether Plaintiff has shown good cause for his late motion to supplement, (2) whether the City would be prejudiced by Plaintiff supplementing his Complaint, and (3) whether the Motion to Supplement is otherwise proper under Rule 15(d). *See Student Resource Center*, 2023

WL 6213678 at *6 (describing proper order of operations for evaluating motion to supplement filed after deadline to amend complaint has passed).

### Good cause

The Court concludes that Plaintiff has shown good cause for its delay in filing its motion to supplement. "In determining whether good cause exists [to modify a scheduling order], the primary consideration is the moving party's diligence in attempting to meet the case management order's requirements." *Morningstar v. Circlevill Fire & EMS Dep't*, 2017 WL 11179815 at *2 (S.D. Ohio Nov. 9, 2017) (internal quotation marks and citation omitted). Here, Plaintiff exercised reasonable diligence in moving to supplement after being made aware of the factual basis for that motion—Defendant's decision to deny his request for reinstatement.

The City contends that Plaintiff was "well-aware of his right to request reinstatement" based on his notice of involuntary disability separation issued on August 23, 2022, but "waited until December 2023 before exercising that right." Doc. 14 at PageID 99. The City's argument, then, is not that Plaintiff failed to exercise diligence in filing his motion to supplement, but that he failed to exercise diligence in applying for reinstatement. Plaintiff owed no duty to apply for reinstatement to his former firefighter position earlier than he did; that decision was always optional. Furthermore, Plaintiff has demonstrated good cause for his delay by showing that he moved to supplement shortly after the factual basis for his supplementary pleading came into being. The City can hardly claim any surprise or unfairness by the Plaintiff wanting to supplement the Complaint with an allegation of disability discrimination from this most recent action, which leads to the Court's next consideration of whether the City would be prejudiced in any way.

Prejudice to Defendant

The City argues that it will be prejudiced if the Motion to Supplement is granted because allowing Plaintiff to add more allegations to his Complaint at this juncture will only "further delay resolution of this action." Defendant's Response, Doc. 14 at PageID 100. Defendant notes that it "has completed written discovery, deposed Plaintiff twice, does not anticipate taking any further depositions, and is poised to proceed with dispositive motion practice." *Id.* at PageID 91. Plaintiff counters in his Reply, Doc. 15, that the City was well aware of its refusal to reinstate Plaintiff when it last took Plaintiff's deposition—suggesting that Defendant could easily have obtained discovery on Plaintiff's new claim at that time.

The Court acknowledges that the delay resulting from Plaintiff's supplemental motion may slightly prejudice the City's interest in resolving this action quickly. The Court finds, however, any prejudice the City may suffer from this will be insignificant not in the least because of the real probability that Plaintiff will, if leave to supplement is denied, pursue a separate action—which he has already initiated—against the City over its refusal to reinstate him after his most recent request. Granting Plaintiff's motion here serves the useful purpose of bringing this action "up to date." *Weisbord v. Mich. State Univ.*, 495 F.Supp. 1347, 1351 (W.D. Mich. 1980). It will also "promote judicial economy." *Adams & Boyle, P.C. v. Slatery*, 455 F.Supp.3d 619, 625 (M.D. Tenn. 2020) (granting motion to supplement in part for reasons of "judicial economy"; reversed on other grounds).

Additionally, the fact that Mr. Hanley postponed reapplying for the position does not appear to alter the claim for disability discrimination he presented in the original Complaint. If anything, reapplying and being denied reinstatement appears to show that the City has maintained consistency in its decision making.

8

Rule 15(a) factors

Having addressed the factors of delay and prejudice and concluding neither warrants denying leave to supplement, the Court considers next whether the Motion to Supplement is otherwise proper under Rule 15. With respect to the remaining factors, the City argues that the amendments Plaintiff proposes to make to his Complaint are futile. According to the City, the allegations Plaintiff wants to add would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). The Court is unable to conclude, at this stage of the case, that the amendments Plaintiff wants to make would be futile and would be unable to survive a motion to dismiss. Defendant's arguments regarding futility are better directed to a fully-briefed motion to dismiss rather than the motion currently under consideration. In other words, the City's arguments appear to be directed at Plaintiff's disability discrimination claims generally rather than at the specific claims he proposes to add regarding the City's decision to deny him reinstatement to his former position after he exercised the option of reapplying presented in his letter of separation.

The Court thus finds that none of the Rule 15(a) factors counsels in favor of denying Plaintiff's Motion.

B. Defendant's Motion to Stay

As to the standard governing Defendant's Motion to Stay the Dispositive Motion Deadline, a court may stay a case where procedurally appropriate. Among the factors courts should consider when determining whether to grant a stay are: "(1) the need for a stay; (2) the stage of the litigation; (3) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (4) whether a stay will simplify the issues; and (5) whether the burden of litigation will be reduced for both the parties and the court." *Cybergenetics Corp. v. Institute of*

*Environmental Science and Research*, 2020 WL 564217 at *2 (N.D. Ohio Jan. 27, 2020). After carefully considering each of these factors, the Court finds that they each weigh in favor of granting Defendant's Motion to Stay. Granting a stay of the dispositive motion deadline—which has since passed—will simplify the issues and promote judicial economy by allowing adequate briefing pertaining to the merits of Plaintiff's supplemental complaint.

    C.    The Parties' Joint Motion to Stay Case 1:24-cv-485

The Court also considers the factors stated above in evaluating the parties' joint motion to stay the second-filed action, 1:24-cv-485, Doc. 4. After careful consideration, the Court finds that each of the relevant factors weighs in favor of granting a stay.

    V.    **CONCLUSION**

For the reasons set forth above, Plaintiffs' Motion for Leave to File Supplemental Complaint (Doc. 13) is **GRANTED**. Plaintiff is directed to file his Proposed Supplemental Complaint (Doc. 13, Ex. 1), **WITHIN SEVEN (7) DAYS** of the date of this Order. Defendants must respond **WITHIN FOURTEEN (14) DAYS** after service of the amended pleading.

Further, Defendants' Motion to Stay the Dispositive Motion Deadline (Doc. 16) is **GRANTED**.

The Parties' Joint Motion to Stay proceedings in Case 1:24-cv-485 is also **GRANTED**.

The Court will contact the parties to schedule a pretrial conference regarding revised deadlines.

    **IT IS SO ORDERED.**

Dated: November 18, 2024

Hon. Jeffery P. Hopkins
United States District Judge